**BUSHNELL v EDMONDSON, et.**
Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 8995. Decided Nov. 19, 1928.

Thomas H. Bushnell, Cleveland, for Bushnell.

Edward Blythin, Cleveland, for Edmondson.

**VICKERY J**

Now it is claimed that Edmondson never owned any of this property and that all the time from the beginning he never owned any of the money that went into the property; that it at all times belonged to Mrs. Edmondson. She asserts, in order to avoid the doctrine of estoppel, that she did not know that the title was taken in the name of her husband as well as herself, and yet it remained there for a period of six years and during that time several loans were made in which both she and her husband were called upon to join in the mortgage. For whose benefit these loans were made does not appear, but it rather disputes her contention that she did not know that this property was in the name of her husband. Apparently she turned the money over, if it was her money, to the husband to deal with as his own and he took the title in their joint names, and it is inconceivable that she did not know anything about that for six years thereafter. In any event this conduct of hers in permitting this title to remain in the name of Edmondson misled Bushnell so that he furnished the services for which he ob-

tained the judgment, and when he attempted to collect it, she steps up and says: "The property, by virtue of which being in the name of Edmondson, you extended the credit, all the time belonged to me."

We think the doctrine of estoppel would apply in this case, and inasmuch as upon the sale of this property that was purchased by The Phillis Wheatley Association, the money realized from it went into the new home and a large sum of it, $3700 was given to the daughter, it would seem as if there was some purpose in this and one can readily draw an inference as to what the purpose was.

Anyway, it is conceded in this record that Bushnell performed the service and that Wesley Edmondson is a hopeless cripple and unable to compensate him, and the record clearly shows that Bushnell at least rendered the services upon the strength of this property being in the name of Edmondson, and it must have been there during all those years with the consent or knowledge of Mrs. Edmondson, notwithstanding she testifies she knew nothing about it. It seems almost incredible that that thing could happen and inasmuch as it is nothing more than compelling the payment of an honest debt, we think that the Common Pleas Court entered a right judgment and from the same evidence we are constrained to come to the same conclusion that the Common Pleas Judge did, and there will be an entry, decree for the plaintiff, order see journal, and the order to be the same as that in the court below.

Sullivan, P J and Levine, J, concur.